**FILED**

JUN 1 3 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Mag. Case No. '08 MJ 8534 |
| Plaintiff, | COMPLAINT FOR VIOLATION OF |
| v. | Title 8, U.S.C., Section 1326<br>Deported Alien Found In the<br>United States |
| Jose CORTEZ-Corona, | |
| Defendant. | |

The undersigned complainant being duly sworn states:

On or about June 12, 2008, within the Southern District of California, defendant Jose CORTEZ-Corona, an alien, who previously had been excluded, deported and removed from the United States to Mexico was found in the United States, without the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States code, section 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8, United States Code, Section 1326.

And the complainant states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

_____
Juan Suarez
Senior Border Patrol Agent

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS 13th DAY OF JUNE 2008.

_____
ANTHONY J. BATTAGLIA
U.S. MAGISTRATE JUDGE

(1)

UNITED STATES OF AMERICA

    v.

Jose CORTEZ-Corona

## STATEMENT OF FACTS

The complainant states that this complaint is based upon the statements of the apprehending Border Patrol Agent, A. Martinez, that the Defendant was found and arrested on June 12, 2008, west of Calexico, California.

Agent Martinez encountered Jose CORTEZ-Corona while performing his Border Patrol duties 10 miles west of Calexico, CA. Agent Martinez approached CORTEZ and identified himself as a United States Border Patrol Agent. Agent Martinez determined through questioning, CORTEZ was a citizen of Mexico with no immigration documents that would allow him to enter into or remain in the United States legally. CORTEZ was subsequently arrested.

Records checks revealed an Immigration Judge ordered CORTEZ deported to Mexico from the United States on March 20, 2008 and has an extensive criminal history.

Agent Martinez advised CORTEZ of his Miranda Rights and this was witnessed by Agent Pelusi. CORTEZ stated he understood his rights and was willing to answer any questions without an attorney present.

Agent Martinez asked CORTEZ what country he was a citizen or a national of and CORTEZ stated Mexico. Agent Martinez asked CORTEZ if he had any documents to work or reside in the United States legally, he stated no. Agent Martinez asked CORTEZ how and where he last entered the United States. CORTEZ stated he made his last entry by walking across the U.S./Mexico International Boundary near Calexico. Agent Martinez asked CORTEZ if he had ever been deported and CORTEZ stated yes. CORTEZ

1 stated he intended to travel to Los Angeles, CA to find work and
2 to reside. There is no evidence CORTEZ sought or received
3 permission from the United States Attorney General or the
4 Secretary of the Department of Homeland Security to re-enter the
United States after being deported.

(3)